**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3015
_____

ZAHEER BAKSHI,
                                        Appellant

v.

BERGEN COUNTY SUPERIOR COURT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 2:15-cv-03560)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: April 20, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Zaheer Bakshi, proceedings pro se, brought this case under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, et seq. Bakshi appeals from adverse orders of the District Court granting summary judgment and denying reconsideration. We will affirm.

I.

Bakshi lives in St. Lawrence County, New York, near the Canadian border. He originally filed this suit in the U.S. District Court for the Northern District of New York in May 2015. The case was transferred to the District of New Jersey.

Bakshi alleged in his complaint that he has a variety of physical impairments, including hearing loss and carpal tunnel syndrome. Bakshi relayed that in 2014, he filed a lawsuit in the Superior Court of New Jersey, Bergen County ("BCSC"), the Appellee here. The suit claimed that Ridgewood Water—a public utility company—unlawfully recouped over $8,000 in water-usage charges at closing when Bakshi sold his Ridgewood, New Jersey home.

Bakshi requested in his state court pleading that Communication Access Real-Time Translation ("CART") technology be made available for court proceedings to accommodate his hearing loss.[1] Apparently, CART was not provided by BCSC at "proof hearings" on September 11 and September 25, 2014. In addition, Bakshi allegedly was

---

[1] "CART is a word-for-word transcription service, similar to court reporting, in which a trained stenographer provides real-time captioning that appears on a computer monitor." K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725 F.3d 1088, 1092 (9th Cir. 2013).

2

provided insufficient notice of a hearing on October 10, 2014, which led to his non-attendance. Trial was set for early December without Bakshi's input. The case was dismissed with prejudice when Bakshi failed to appear.

The prayer for relief in Bakshi's federal complaint requests "injunctive relief to grant full and timely ADA accommodations, and restore my [state] case to the calendar, including but not limited to remote access with timely and proper notifications . . . ." App. 91. Elsewhere in the complaint Bakshi made clear that the remedy he sought was revival of his state court case. See App. 85 ("I am seeking injunctive relief to . . . restore my [state] case to the calendar."); see also App. 91 ("I want the Federal Court to intervene and compel [BCSC] to grant me my full and timely ADA rights . . . .").

BCSC responded to Bakshi's ADA suit with a motion for summary judgment.[2] According to BCSC, it made several attempts during the state court litigation to accommodate Bakshi's impairments, but Bakshi rebuffed those attempts. BCSC argued that Bakshi could not prove essential elements of his Title II action, primarily that he was discriminated against by BCSC because of a disability.[3] BCSC argued that summary

---

[2] Pursuant to Fed. R. Civ. P. 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

[3] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

3

judgment was also proper under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Bakshi submitted a brief (also construed by the District Court as a motion for summary judgment), but no evidence in opposition to BCSC's motion.

The District Court granted summary judgment for BCSC, concluding that the undisputed facts showed that BCSC attempted to reasonably accommodate Bakshi during the state court litigation. The District Court also concluded that Bakshi "fails to point to anything beyond his allegations . . . that he is disabled within the meaning of the ADA and that he was not given an opportunity to participate in the court proceedings." App. 58. The District Court dismissed Bakshi's claims with prejudice. Bakshi's multiple requests for reconsideration were denied. This appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Review of an order granting summary judgment is plenary. See Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 192 (3d Cir. 2015). Denials of reconsideration are reviewed for abuse of discretion. Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). We may affirm the District Court's judgment on any basis that the record supports. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

We conclude that the District Court lacked subject-matter jurisdiction, pursuant to the Rooker-Feldman doctrine. On that basis we will affirm the District Court's judgment and its orders denying reconsideration.

Rooker-Feldman deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)(alterations omitted)). Rooker-Feldman aims to preserve the hierarchy of appellate review in state court systems by precluding lower federal courts from effectively exercising appellate jurisdiction over final state-court judgments: "such appellate jurisdiction rests solely with the United States Supreme Court." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009); see also Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014).

The doctrine is readily applicable here. Bakshi alleged that he lost in state court (his suit against Ridgewood Water was dismissed with prejudice) and he identified that loss as the injury that flowed from BCBS's alleged violations of the ADA. The state court order dismissing Bakshi's case was entered before he commenced these federal proceedings. And, as we noted above in quoting portions of Bakshi's federal complaint,

5

Bakshi expressly and repeatedly invited the District Court to review and overturn the state court order of dismissal. See Great W. Mining, 615 F.3d at 166; cf. Sykes v. Cook Cty. Circuit Court Probate Div., 837 F.3d 736, 743 (7th Cir. 2016) ("Rooker-Feldman will not always bar a litigant from bringing claims against a state court for denial of reasonable accommodations. . . . But when as in this case the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court."). Therefore, the District Court lacked subject-matter jurisdiction, and on that basis we will affirm its orders dismissing Bakshi's claims with prejudice and denying reconsideration.[4]

---

[4] BCBS argued below and maintains on appeal that Rooker-Feldman applies. In agreeing with that conclusion, we do not mean to subscribe to BCBS's reliance on our pre-Exxon "inextricably intertwined" formulation of the Rooker-Feldman analysis. Cf. Great W. Mining, 615 F.3d at 169-70 & n.4.